FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 21 2023

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 23-346 JB |
| Plaintiff, ) | |
| ) | Counts 1-2: 38 U.S.C. § 6101: Fiduciary |
| vs. ) | Misappropriation; |
| ) | |
| **FAYE JANZAD**, ) | Counts 3-4: 18 U.S.C. § 1001(a)(2): |
| ) | False Statements. |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges:

### Background

1. At all times relevant to this indictment, the defendant, **FAYE JANZAD**, was the owner and director of Veterans Independent Living of Albuquerque (VILA), a nonprofit company that provides housing and services to veterans at various levels of care.

2. Veteran T.H. has been considered 100% disabled and incompetent since at least 2001. Since then, his finances have been managed by a fiduciary appointed by the Department of Veterans Affairs (VA). He has resided at a VILA property since about 2011.

3. In January 2018, following the death of T.H.'s previous fiduciary, the defendant, **FAYE JANZAD**, in her capacity as director of VILA, was appointed to serve as T.H.'s fiduciary. On January 8, 2018, the defendant, **FAYE JANZAD**, signed a Fiduciary Agreement in which she agreed to manage T.H.'s money for his benefit. The Fiduciary Agreement that she signed contained a statement of understanding that included the following terms, among others:

> I understand that I cannot borrow, loan, or gift funds belonging to the fiduciary.

> I understand that in no instance shall the beneficiary's funds be commingled with either my or anyone else's funds.

> I understand that I must strictly adhere to the "fund usage agreement" on page 3 of this form. Any deviation must be approved in writing by the fiduciary activity.
>
> I understand that if I receive a one-time or retroactive payment of $1,000 or greater on behalf of the beneficiary, I must conserve the payment unless I obtain prior approval from the fiduciary approval.

4. On or about March 20, 2018, two cashier's checks in the amount of $20,360.26 and $143,002.77 were disbursed from T.H.'s prior fiduciary to the defendant, **FAYE JANZAD**, for the benefit of T.H. Rather than deposit the checks into T.H.'s beneficiary account as required, on March 21, 2018, and March 26, 2018, respectively, the defendant, **FAYE JANZAD**, deposited both checks into one of VILA's corporate accounts.

5. In October and November 2018, VA asked the defendant, **FAYE JANZAD**, to provide bank statements showing the disposition of T.H.'s $163,363.03. She did not provide any bank statements explaining what happened with the money. Instead, she led VA to believe that she had used T.H.'s money for a mortgage that she had recorded on a VILA property, earning 5% interest.

6. On December 7, 2018, the defendant, **FAYE JANZAD**, caused a mortgage to be recorded in Bernalillo County. The mortgage purported to grant T.H. an interest in a property, to be repaid with 4% interest, in exchange for $163,363.03. The mortgage erroneously referred to a property that VILA did not own, but rather had been owned by one of VILA's other disabled veteran clients.

7. On December 10, 2018, VA notified the defendant, **FAYE JANZAD**, that she and VILA could no longer serve as fiduciary for T.H. and demanded that she forward his money to his successor fiduciary.

8.     The defendant, **FAYE JANZAD**, and VILA, never made any payments on the December 7, 2018 mortgage, never corrected the mortgage, and never forwarded any of T.H.'s funds to his successor fiduciary or otherwise to T.H.

Count 1

9.     Paragraphs 1 through 8 above are hereby re-alleged and incorporated by reference.

10.    On or about March 21, 2018, in Bernalillo County, in the District of New Mexico, the defendant, **FAYE JANZAD**, being a fiduciary for the benefit of an incompetent and other beneficiary under laws administered by the Secretary of Veterans Affairs, willfully and intentionally borrowed, used, exchanged for other funds and property, embezzled and misappropriated money that came into her control under color of her office and service as such fiduciary, to wit: a cashier's check in the amount of $20,360.26 for the benefit of T.H.

In violation of 38 U.S.C. § 6101.

Count 2

11.    Paragraphs 1 through 8 above are hereby re-alleged and incorporated by reference.

12.    On or about March 26, 2018, in Bernalillo County, in the District of New Mexico, the defendant, **FAYE JANZAD**, being a fiduciary for the benefit of an incompetent and other beneficiary under laws administered by the Secretary of Veterans Affairs, willfully and intentionally borrowed, used, exchanged for other funds and property, embezzled and misappropriated money that came into her control under color of her office and service as such fiduciary, to wit: a cashier's check in the amount of $143,002.77 for the benefit of T.H.

In violation of 38 U.S.C. § 6101.

## Count 3

13.     Paragraphs 1 through 8 above are hereby re-alleged and incorporated by reference.

14.     On or about November 7, 2018, in Bernalillo County, in the District of New Mexico, the defendant, **FAYE JANZAD**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by sending an email to a representative of the Department of Veterans Affairs in which she stated, "As [veteran T.H.'s] power of attorney, at the time, VILA felt it was best to secure his money via a recorded mortgage at 5% interest with a monthly payment of $1,291.86." The statements and representations were false and fraudulent because, as **JANZAD** then and there knew, no mortgage had been recorded, no monthly payments had been made, and the money was not secured.

In violation of 18 U.S.C. § 1001(a)(2).

## Count 4

15.     Paragraphs 1 through 8 above are hereby re-alleged and incorporated by reference.

16.     On or about January 3, 2019, in Bernalillo County, in the District of New Mexico, the defendant, **FAYE JANZAD**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by sending a Fiduciary Statement of Account for the period December 10, 2017, to December 15, 2018, to the Department of Veterans Affairs in which she claimed that veteran T.H. had zero assets at the beginning of the period, received $40,816.73 during the period, and spent $38,767.00 during the period. The statements and

representations were false and fraudulent because, as **JANZAD** then and there knew, veteran T.H. had about $163,363.03 during the period and **JANZAD** spent that $163,363.03.

In violation of 18 U.S.C. § 1001(a)(2).

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

_____ 3/20/2023 3:20 PM

5